**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LAFONDRA BUTTS, *individually and on behalf of all those similarly situated,* | No.: |
| Plaintiff, | INDIVIDUAL AND COLLECTIVE ACTION |
| v. | **JURY TRIAL DEMANDED** |
| BOONE LOGISTICS SERVICES, LLC, | |
| Defendant. | |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

Named Plaintiff Lafondra Butts (hereinafter referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Boone Logistics Services, LLC (hereinafter referred to as "Defendant").

## INTRODUCTION

1.      Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated owed overtime wages in violation of the FLSA.

## JURISDICTION AND VENUE

2.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA.

5.      Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) because Defendant resides in and/or conducts business in this judicial district.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Named Plaintiff is an adult individual who worked for Defendant in Texas.

8.      Defendant is a company incorporated in the State of Delaware.

9.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.     In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of Yard Drivers and other similar non-exempt employees presently and formerly employed by Defendant and subject to Defendant's pay practices and policies described herein at any point from the three (3) years preceding the date the instant action was initiated through the present (hereinafter the members of this putative class are referred to as "Class Plaintiffs").[1]

11.     Named Plaintiff's claims are typical of the claims of the Class Plaintiffs because Named Plaintiff, like all Class Plaintiffs, was a non-exempt employee of Defendant within the last three years and subject to the pay practices and policies described herein whom Defendant failed to pay at least one and one-half times the regular rate for all hours worked more than 40 hours in a workweek as required by the FLSA.

---

[1] Named Plaintiff's written consent to be a party plaintiff in the instant collective action is attached hereto as Exhibit A.

12.     There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14.     Therefore, Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## **FACTUAL BACKGROUND**

15.     The foregoing paragraphs are incorporated herein as if set forth in full.

16.     From on or around March 20, 2020 to on or around October 6, 2020, Defendant employed Named Plaintiff as a Yard Driver.

17.     As a Yard Driver, Named Plaintiff's duties primarily included operating a truck to move empty or loaded trailers around within a terminal's trailer yard.

18.     Throughout Named Plaintiff's employment, Defendant paid him an hourly rate.

19.     Named Plaintiff was a non-exempt employee entitled to overtime wages under the FLSA.

20.     Class Plaintiffs worked/work for Defendant as Yard Drivers and/or in other non-exempt, hourly positions subject to Defendant's practices and policies described herein.

21.     Defendant paid/pays Class Plaintiffs hourly rates.

22.     Class Plaintiff were/are non-exempt employees entitled to overtime wages under the FLSA.

23.    Named Plaintiff regularly worked more than 40 hours in a workweek, often working around 60 hours.

24.    However, Defendant did not pay Named Plaintiff any compensation in addition to his hourly rate for hours worked more than 40 hours in a workweek.

25.    Accordingly, Defendant failed to pay Named Plaintiff at least one and one-half times his regular rate for hours worked more than 40 hours in a workweek.

26.    Class Plaintiffs regularly worked/work more than 40 hours in a workweek.

27.    Defendant failed/fails to pay Class Plaintiffs any compensation in addition to their hourly rates for hours worked more than 40 hours in a workweek.

28.    Accordingly, Defendant failed/fails to pay Class Plaintiffs at least one and one-half times their regular rates for hours worked more than 40 hours in a workweek.

29.    The aforementioned conduct has caused Named Plaintiff and Class Plaintiffs to suffer damages.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

30.    The foregoing paragraphs are incorporated herein as if set forth in full.

31.    At all times relevant herein, Defendant is/was an employer within the meaning of the FLSA.

32.    At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

33.    At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendant as "employees" within the meaning of the FLSA.

34.     Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

35.     Defendant's violations of the FLSA include not paying Named Plaintiff and Class Plaintiffs at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

36.     Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs properly under the FLSA was and is willful and was not based upon any reasonable interpretation of the law.

37.     As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or customs in violation of federal law;

(2)     Defendant is to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past owed earnings;

(3)     Named Plaintiff and Class Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(4)     Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable law;

(5)     Named Plaintiff and Class Plaintiffs are to be awarded all other relief this Court deems just and proper;

(6)      Named Plaintiff's and Class Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

/s/      *Raeann Warner*
Raeann Warner, Esq. (#4931)
Patrick Gallagher, Esq. (#5170)
**JACOBS & CRUMPLAR, P.A.**
750 Shipyard Drive, Suite 200
Wilmington, DE 19801
Phone: (302) 656-5445
Fax: (302) 934-1234

Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date:  April 27, 2021

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and/or the putative members of the above-referenced classes' the employment, cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files,

memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.