## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAFONDRA BUTTS, *individually and on behalf of all those similarly situated,* | No.: 1:21-cv-00581-RGA |
| Plaintiff, | INDIVIDUAL AND COLLECTIVE ACTION |
| v. | **JURY TRIAL DEMANDED** |
| BOONE LOGISTICS SERVICES, LLC, | |
| and | |
| MIKE BOONE, | |
| Defendants. | |

## **FIRST AMENDED INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT**

Named Plaintiff Lafondra Butts (hereinafter referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Boone Logistics Services, LLC and Defendant Mike Boone (hereinafter collectively referred to as "Defendants").

## **INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and those similarly situated owed overtime wages in violation of the FLSA.

## **JURISDICTION AND VENUE**

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of

jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) because Defendants reside in and/or conducts business in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual who worked for Defendants in Texas.

8. Defendant Boone Logistics Services, LLC ("Defendant BLS") is a company incorporated in the State of Delaware, which provides trailer yard management services and solutions, including but not limited to trailer spotting, to manufacturing and distribution centers across the nation.

9. Defendant Mike Boone ("Defendant Boone") is an adult and CEO and owner of Defendant BLS.

10. At all times relevant herein, Defendant Boone was responsible for determining the wage policies, including classification of employees as exempt or non-exempt under the FLSA, for Defendant BLS.

11. Prior to founding Defendant BLS, Defendant Boone co-founded Lazer Spot, Inc. in 1996. Lazer Spot, Inc. is also a trailer yard management services and solutions company. Defendant Boone co-owned and was CEO of Lazer Spot, Inc. until 2010.

12. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COVERAGE

13. The foregoing paragraphs are incorporated herein as if set forth in full.

14. At all material times hereto, Named Plaintiff was an "employee" within the meaning of the FLSA.

15. At all material times hereto, Defendant BLS was the "employer" within the meaning of the FLSA.

16. At all material times hereto, Defendant BLS was an "enterprise engaged in commerce" under the FLSA.

17. Defendant BLS has admitted to being "an enterprise engaged in commerce under the FLSA" during as recently as 2019. *Fowler v. Boone Logistics Services, LLC*, Civil Action No. 3:19-cv-00145-TSL-RHW, Defendant BLS's Answer, Doc. No. 5, at ¶ 17 (S.D. Miss. April 20, 2019) (hereinafter "Defendant BLS's Answer in *Fowler*").

18. Based on information and belief, Defendant BLS earned gross revenues of at least $500,000 per annum at all material times hereto.

19. Defendant BLS has admitted to earning "gross annual revenues of more than [$500,000] during as recently as 2019. Defendant BLS's Answer in *Fowler* at ¶ 15.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of individuals presently and formerly employed by Defendants as

3

Yard Drivers, Spotters, Shuttle Drivers, Yard Jockeys, or other similar positions that performed the duties described herein and were/are subject to Defendants' pay practices and policies described herein at any point from the three (3) years preceding the date the instant action was initiated through the present (hereinafter the members of this putative class are referred to as "Class Plaintiffs").[1]

21. Named Plaintiff's claims are typical of the claims of the Class Plaintiffs because Named Plaintiff, like all Class Plaintiffs, was a non-exempt employee of Defendants within the last three years and subject to the pay practices and policies described herein whom Defendants failed to pay at least one and one-half times the regular rate for all hours worked more than 40 hours in a workweek as required by the FLSA.

22. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

23. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

24. Therefore, Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

25. The foregoing paragraphs are incorporated herein as if set forth in full.

---

[1] Named Plaintiff's written consent to be a party plaintiff in the instant collective action was previously filed with the Court at Doc. No. 1-1.

26. From on or around March 20, 2020 to on or around October 6, 2020, Defendants employed Named Plaintiff as a Yard Driver.

27. Throughout Named Plaintiff's employment, Defendants paid him an hourly rate.

28. As a Yard Driver, Named Plaintiff's duties primarily included operating a truck to move empty or loaded trailers around within a terminal's trailer yard.

29. Importantly, Named Plaintiff never transported property on a public highway (*i.e.,* outside of the terminal).

30. The exemption from overtime protection provided in 29 U.S.C. § 213(b)(1) (the "Motor Carrier Act Exemption") covers, inter alia, drivers "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the **public highways** of passengers or property in interstate or foreign commerce." 29 C.F.R. § 782.2 (emphasis added).

31. Accordingly, as Named Plaintiff did not transport property on public highways, the Motor Carrier Act Exemption did not exempt him from overtime protection during his employment with Defendants.

32. Therefore, Named Plaintiff was a non-exempt employee entitled to overtime wages under the FLSA.

33. Class Plaintiffs worked/work for Defendants as Yard Drivers, Spotters, Shuttle Drivers, Yard Jockeys, or other similar positions.

34. Regardless of the position title, Class Plaintiffs are individuals who earned/earn hourly rates and whose duties primarily included operating a truck to move empty or loaded trailers within a terminal's trailer yard and not on public highways.

35. Accordingly, as Class Plaintiffs did not transport property on public highways, the Motor Carrier Act Exemption did not exempt them from overtime protection during their employment with Defendants.

36. Therefore, Class Plaintiffs were/are non-exempt employees entitled to overtime wages under the FLSA.

37. Named Plaintiff regularly worked more than 40 hours in a workweek, often working around 60 hours.

38. However, Defendants misclassified Named Plaintiff as exempt under the FLSA's Motor Carrier Act Exemption and did not pay Named Plaintiff any compensation in addition to his hourly rate for hours worked more than 40 hours in a workweek.

39. Accordingly, Defendants failed to pay Named Plaintiff at least one and one-half times his regular rate for hours worked more than 40 hours in a workweek.

40. Class Plaintiffs regularly worked/work more than 40 hours in a workweek.

41. However, Defendants misclassified/misclassifies Class Plaintiffs as exempt under the FLSA's Motor Carrier Act Exemption and did/does not pay them any compensation in addition to their hourly rates for hours worked more than 40 hours in a workweek.

42. Accordingly, Defendants failed/fails to pay Class Plaintiffs at least one and one-half times their regular rates for hours worked more than 40 hours in a workweek.

43. At all times relevant herein, Defendants knew that application of Motor Carrier Act Exemption required a driver to transport or reasonably be expected to transport property outside of the terminal yards where Named Plaintiff and Class Plaintiffs worked/work (i.e., on public highways).

6

44. At all times relevant herein, Defendants knew that Named Plaintiff and Class Plaintiffs did/do not transport nor were/are reasonably expected to transport property outside of the terminal yards where they worked/work.

45. In 2003, during Defendant Boone's time co-owning and working at Lazer Spot, Inc., the U.S. Department of Labor cited and sanctioned the company for failing to pay overtime wages to yard drivers who worked at a terminal in Georgia.

46. In December 2005, during Defendant Boone's time co-owning and managing Lazer Spot, Inc., yard drivers working for the company at a terminal in Maryland sued it for violations of the FLSA based on the same claim for which Named Plaintiff has brought this action (i.e., alleged misclassification of yard drivers as exempt under the Motor Carrier Act Exemption despite the drivers not driving on public highways outside the terminals). *See Meyer v. Lazer Spot, Inc., et al.*, Civil Action No. 1:05-cv-03407-BEL (D. Md.).

47. Accordingly, Defendants either knew or showed reckless disregard for whether classifying Named Plaintiff and Class Plaintiffs as being covered by the Motor Carrier Act Exemption was prohibited by the FLSA.

48. The aforementioned conduct has caused Named Plaintiff and Class Plaintiffs to suffer damages.

## COUNT I
## Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Wages)
### (Named Plaintiff and Class Plaintiffs v. Defendant)

49. The foregoing paragraphs are incorporated herein as if set forth in full.

50. At all times relevant herein, Defendants are/were employers within the meaning of the FLSA.

51.     At all times relevant herein, Defendants are/were responsible for paying wages to Named Plaintiff and Class Plaintiffs.

52.     At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendants as "employees" within the meaning of the FLSA.

53.     Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

54.     Defendants' violations of the FLSA include not paying Named Plaintiff and Class Plaintiffs at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

55.     Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs properly under the FLSA was and is willful and was not based upon any reasonable interpretation of the law.

56.     As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendants are to be prohibited from continuing to maintain its illegal policy, practice, or customs in violation of federal law;

(2)     Defendants are to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past owed earnings;

(3)     Named Plaintiff and Class Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(4) Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable law;

(5) Named Plaintiff and Class Plaintiffs are to be awarded all other relief this Court deems just and proper;

(6) Named Plaintiff's and Class Plaintiffs' claims are to receive a trial by jury.

                          Respectfully Submitted,

                          */s/      Patrick C. Gallagher*
                          Raeann Warner, Esq. (#4931)
                          Patrick Gallagher, Esq. (#5170)
                          **JACOBS & CRUMPLAR, P.A.**
                          750 Shipyard Drive, Suite 200
                          Wilmington, DE 19801
                          Phone: (302) 656-5445
                          Fax: (302) 934-1234

                          Matthew D. Miller, Esq.
                          Justin L. Swidler, Esq.
                          Richard S. Swartz, Esq.
                          **SWARTZ SWIDLER, LLC**
                          1101 Kings Highway N., Suite 402
                          Cherry Hill, NJ 08034
                          Phone: (856) 685-7420
                          Fax: (856) 685-7417

Date: April 27, 2021

## **DEMAND TO PRESERVE EVIDENCE**

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and/or the putative members of the above-referenced classes' the employment, cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.