## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LAFONDRA BUTTS, *individually and on behalf of those similarly situated,* ,

    Plaintiff,

    v.

BOONE LOGISTIC SERVICES, LLC,

    and

MIKE BOONE,

    Defendants.

Civil Action No. 1:21-cv-00581-RGA

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants Boone Logistic Services, LLC ("BLS") and Mike Boone ("Boone" and, together with BLS, "Defendants") answers Plaintiff's First Amended Individual and Collective Action Complaint as follows:

## COMPLAINT 1:

Named Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and those similarly situated owed overtime wages in violation of the FLSA.

## ANSWER:

Defendants admit that Plaintiff Lafondra Butts initiated this action. Defendants deny that they violated the FLSA or otherwise unlawfully failed to pay Butts or any other employee of BLS. Defendants deny any remaining allegations in Paragraph 1.

## COMPLAINT 2:

The foregoing paragraphs are incorporated herein as if set forth in their entirety.

28261173.1

**ANSWER:**

Paragraph 2 reincorporates legal conclusions and irrelevant factual allegations about who filed suit.  Defendants admit that Butts filed suit, but deny any remaining allegations Paragraph 2 may be construed to contain.

**COMPLAINT 3:**

This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

**ANSWER:**

Defendants admit that this Court may properly maintain personal jurisdiction over BLS. Defendants deny the remaining allegations in Paragraph 3.

**COMPLAINT 4:**

The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA.

**ANSWER:**

Admitted.

**COMPLAINT 5:**

Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) because Defendants reside in and/or conducts business in this judicial district.

**ANSWER:**

Defendants admit that venue is properly laid in this jurisdiction as to BLS pursuant to 28 U.S.C. § 1391(b)(1). Defendants deny the remaining allegations in Paragraph 5.

**COMPLAINT 6:**

The foregoing paragraphs are incorporated herein as if set forth in full.

**ANSWER:**

Defendants incorporate their answers to Paragraphs 1-5 as if set forth here.

**COMPLAINT 7:**

Named Plaintiff is an adult individual who worked for Defendants in Texas.

**ANSWER:**

Defendants admit that Plaintiff Butts worked for BLS in Texas. Defendants deny that Defendant Mike Boone employed Plaintiff Butts and deny the remaining allegations in Paragraph 7.

**COMPLAINT 8:**

Defendant Boone Logistics Services, LLC ("Defendant BLS") is a company incorporated in the State of Delaware, which provides trailer yard management services and solutions, including but not limited to trailer spotting, to manufacturing and distribution centers across the nation.

**ANSWER:**

Admitted.

**COMPLAINT 9:**

Defendant Mike Boone ("Defendant Boone") is an adult and CEO and owner of Defendant BLS.

**ANSWER:**

Admitted.

**COMPLAINT 10:**

At all times relevant herein, Defendant Boone was responsible for determining the wage

policies, including classification of employees as exempt or non-exempt under the FLSA, for

Defendant BLS.

**ANSWER:**

    Denied.

## COMPLAINT 11:

    Prior to founding Defendant BLS, Defendant Boone co-founded Lazer Spot, Inc. in 1996.

Lazer Spot, Inc. is also a trailer yard management services and solutions company. Defendant

Boone co-owned and was CEO of Lazer Spot, Inc. until 2010.

**ANSWER:**

    Admitted.

## COMPLAINT 12:

    At all times relevant herein, Defendants acted by and through their agents, servants, and

employees, each of whom acted at all times relevant herein in the course and scope of their

employment with and for Defendants.

**ANSWER:**

    Paragraph 12 contains legal conclusions that require no response.  To the extent a

response is required, Defendants deny the allegations in Paragraph 12.

## COMPLAINT 13:

    The foregoing paragraphs are incorporated herein as if set forth in full.

**ANSWER:**

    Defendants incorporate their answers to Paragraphs 1-12 as if set forth here.

## COMPLAINT 14:

    At all material times hereto, Named Plaintiff was an "employee" within the meaning of

the FLSA.

28261173.1

**ANSWER:**

Paragraph 14 contains legal conclusions that require no response.  To the extent a response is required, Defendants admit, during his employment with BLS, Plaintiff was an employee of BLS as that term is defined by the FLSA.  Defendants deny any remaining allegations in Paragraph 14.

**COMPLAINT 15:**

At all material times hereto, Defendant BLS was the "employer" within the meaning of the FLSA.

**ANSWER:**

Paragraph 15 contains legal conclusions that require no response.  To the extent a response is required, Defendants admit that, during Butts' employment with BLS, BLS was an employer as that term is defined by the FLSA.  Defendants deny any remaining allegations in Paragraph 15.

**COMPLAINT 16:**

At all material times hereto, Defendant BLS was an "enterprise engaged in commerce" under the FLSA.

**ANSWER:**

Paragraph 16 contains legal conclusions that require no response.  To the extent a response is required, Defendants admit that, during Plaintiff Butts' employment with BLS, BLS was an enterprise engaged in commerce as that term is defined by the FLSA.  Defendants deny any remaining allegations in Paragraph 16.

**COMPLAINT 17:**

Defendant BLS has admitted to being "an enterprise engaged in commerce under the FLSA" during as recently as 2019. *Fowler v. Boone Logistics Services, LLC*, Civil Action No.

28261173.1

3:19-cv-00145-TSL-RHW, Defendant BLS's Answer, Doc. No. 5, at ⁋ 17 (S.D. Miss. April 20, 2019) (hereinafter "Defendant BLS's Answer in *Fowler*").

**ANSWER:**

Defendant BLS' answer in *Fowler* speaks for itself.  Defendants deny any remaining allegations in Paragraph 17.

**COMPLAINT 18:**

Based on information and belief, Defendant BLS earned gross revenues of at least $500,000 per annum at all material times hereto.

**ANSWER:**

Defendants admit that, during Butts' employment with BLS, BLS earned gross annual revenues of more than $500,000.  Defendants deny any remaining allegations in Paragraph 18.

**COMPLAINT 19:**

Defendant BLS has admitted to earning "gross annual revenues of more than [$500,000] during as recently as 2019. Defendant BLS's Answer in Fowler at ⁋ 15.

**ANSWER:**

BLS' answer in *Fowler* speaks for itself.  Defendants deny any remaining allegations in Paragraph 19.

**COMPLAINT 20:**

In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of individuals presently and formerly employed by Defendants as Yard Drivers, Spotters, Shuttle Drivers, Yard Jockeys, or other similar positions that performed the duties described herein and were/are subject to Defendants' pay practices and policies described herein at any point from the three (3) years preceding the date the instant action was initiated

28261173.1

through the present (hereinafter the members of this putative class are referred to as "Class Plaintiffs").[1]

**ANSWER:**

Defendants admit that Butts purports to bring suit on behalf of other individuals. Defendants deny that collective action treatment is appropriate in this case or that Butts is similarly situated with the unnamed individuals he purports to include in this lawsuit. Defendants deny any remaining allegations in Paragraph 20.

**COMPLAINT 21:**

Named Plaintiff's claims are typical of the claims of the Class Plaintiffs because Named Plaintiff, like all Class Plaintiffs, was a non-exempt employee of Defendants within the last three years and subject to the pay practices and policies described herein whom Defendants failed to pay at least one and one-half times the regular rate for all hours worked more than 40 hours in a workweek as required by the FLSA.

**ANSWER:**

Paragraph 21 contains legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 21.

**COMPLAINT 22:**

There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

---

[1] Named Plaintiff's written consent to be a party plaintiff in the instant collective action was previously filed with the Court at Doc. No. 1-1.

**ANSWER:**

Denied.

**COMPLAINT 23:**

Similarly situated employees are known to Defendants, are readily identifiable by

Defendants, and can be located through Defendants' records.

**ANSWER:**

Denied.

**COMPLAINT 24:**

Therefore, Named Plaintiff should be permitted to bring this action as a collective action

individually and on behalf of those employees similarly situated, pursuant to the "opt-in"

provisions of the FLSA, 29 U.S.C. § 216(b).

**ANSWER:**

Denied.

**COMPLAINT 25:**

The foregoing paragraphs are incorporated herein as if set forth in full.

**ANSWER:**

Defendants incorporate their answers to Paragraphs 1-24 as if set forth here.

**COMPLAINT 26:**

From on or around March 20, 2020 to on or around October 6, 2020, Defendants

employed Named Plaintiff as a Yard Driver.

**ANSWER:**

Admitted.

**COMPLAINT 27:**

Throughout Named Plaintiff's employment, Defendants paid him an hourly rate.

28261173.1

-8-

**ANSWER:**

Defendants admit that during Butts' employment with BLS, he received an hourly rate of pay.  Defendants deny that Boone employed Plaintiff Butts and therefore deny the remaining allegations in Paragraph 27.

**COMPLAINT 28:**

As a Yard Driver, Named Plaintiff's duties primarily included operating a truck to move empty or loaded trailers around within a terminal's trailer yard.

**ANSWER:**

Defendants admit that Plaintiff Butts' duties as an employee of BLS included operating trucks to move trailers around a terminal's trailer yard.  Defendants deny, however, that this is a complete description of Plaintiff Butts' duties and deny the remaining allegations in Paragraph 28.

**COMPLAINT 29:**

Importantly, Named Plaintiff never transported property on a public highway (*i.e.,* outside of the terminal).

**ANSWER:**

Denied.

**COMPLAINT 30:**

The exemption from overtime protection provided in 29 U.S.C. § 213(b)(1) (the "Motor Carrier Act Exemption") covers, inter alia, drivers "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the **public highways** of passengers or property in interstate or foreign commerce." 29 C.F.R. § 782.2 (emphasis added).

**ANSWER:**

Defendants admit that Paragraph 30 accurately quotes a portion of 29 C.F.R. § 782.2(a).

Defendants deny any remaining allegations in Paragraph 30.

**COMPLAINT 31:**

Accordingly, as Named Plaintiff did not transport property on public highways, the

Motor Carrier Act Exemption did not exempt him from overtime protection during his

employment with Defendants.

**ANSWER:**

Denied.

**COMPLAINT 32:**

Therefore, Named Plaintiff was a non-exempt employee entitled to overtime wages under

the FLSA.

**ANSWER:**

Denied.

**COMPLAINT 33:**

Class Plaintiffs worked/work for Defendants as Yard Drivers, Spotters, Shuttle Drivers,

Yard Jockeys, or other similar positions.

**ANSWER:**

Defendants admit that BLS employs individuals as Yard Drivers, Spotters, and Yard

Jockeys.  Defendants deny that those individuals are similarly situated and deny that collective

treatment is appropriate in this case.  Defendants deny any remaining allegations in Paragraph

33.

**COMPLAINT 34:**

Regardless of the position title, Class Plaintiffs are individuals who earned/earn hourly

rates and whose duties primarily included operating a truck to move empty or loaded trailers within a terminal's trailer yard and not on public highways.

**ANSWER:**

Defendants admit that Yard Drivers, Spotters, and Yard Jockeys who are employed by BLS are paid hourly wages. Defendants deny that the individuals who have worked in these roles over the period that Butts places at issue are similarly situated and deny that collective action treatment is appropriate for this case. Defendants deny any remaining allegations in Paragraph 34.

**COMPLAINT 35:**

Accordingly, as Class Plaintiffs did not transport property on public highways, the Motor Carrier Act Exemption did not exempt them from overtime protection during their employment with Defendants.

**ANSWER:**

Paragraph 35 contains legal conclusions that require no response. To the extent a response is required, Defendants deny that the individuals who Butts purports to include in this lawsuit are similarly situated, deny that collective action treatment is appropriate for this case, and deny

**COMPLAINT 36:**

Therefore, Class Plaintiffs were/are non-exempt employees entitled to overtime wages under the FLSA.

**ANSWER:**

Paragraph 36 contains legal conclusions that require no response. To the extent a response is required, Defendants deny that the individuals who Butts purports to include in this lawsuit are similarly situated, deny that collective action treatment is appropriate for this case,

28261173.1

and deny the remaining allegations in Paragraph 36.

**COMPLAINT 37:**

Named Plaintiff regularly worked more than 40 hours in a workweek, often working around 60 hours.

**ANSWER:**

Denied.

**COMPLAINT 38:**

However, Defendants misclassified Named Plaintiff as exempt under the FLSA's Motor Carrier Act Exemption and did not pay Named Plaintiff any compensation in addition to his hourly rate for hours worked more than 40 hours in a workweek.

**ANSWER:**

Paragraph 38 contains legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 38.

**COMPLAINT 39:**

Accordingly, Defendants failed to pay Named Plaintiff at least one and one-half times his regular rate for hours worked more than 40 hours in a workweek.

**ANSWER:**

Denied.

**COMPLAINT 40:**

Class Plaintiffs regularly worked/work more than 40 hours in a workweek.

**ANSWER:**

Defendants deny that the individuals who Butts purports to include in this lawsuit are similarly situated, deny that collective action treatment is appropriate for this case, and deny the remaining allegations in Paragraph 40.

28261173.1

**COMPLAINT 41:**

However, Defendants misclassified/misclassifies Class Plaintiffs as exempt under the
FLSA's Motor Carrier Act Exemption and did/does not pay them any compensation in addition
to their hourly rates for hours worked more than 40 hours in a workweek.

**ANSWER:**

Paragraph 41 contains legal conclusions that require no response.  If a response is
required, Defendants deny that the individuals who Butts purports to include in this lawsuit are
similarly situated, deny that collective action treatment is appropriate for this case, and deny the
remaining allegations in Paragraph 41.

**COMPLAINT 42:**

Accordingly, Defendants failed/fails to pay Class Plaintiffs at least one and one-half
times their regular rates for hours worked more than 40 hours in a workweek.

**ANSWER:**

Defendants deny that the individuals who Butts purports to include in this lawsuit are
similarly situated, deny that collective action treatment is appropriate for this case, and deny the
remaining allegations in Paragraph 42.

**COMPLAINT 43:**

At all times relevant herein, Defendants knew that application of Motor Carrier Act
Exemption required a driver to transport or reasonably be expected to transport property outside
of the terminal yards where Named Plaintiff and Class Plaintiffs worked/work (i.e., on public
highways).

**ANSWER:**

Paragraph 43 contains legal conclusions that require no response.  If a response is
required, Defendants deny that the individuals who Butts purports to include in this lawsuit are

28261173.1

-13-

similarly situated, deny that collective action treatment is appropriate for this case, and deny the remaining allegations in Paragraph 43..

**COMPLAINT 44:**

At all times relevant herein, Defendants knew that Named Plaintiff and Class Plaintiffs did/do not transport nor were/are reasonably expected to transport property outside of the terminal yards where they worked/work.

**ANSWER:**

Defendants deny that the individuals who Butts purports to include in this lawsuit are similarly situated, deny that collective action treatment is appropriate for this case, and deny the remaining allegations in Paragraph 44.

**COMPLAINT 45:**

In 2003, during Defendant Boone's time co-owning and working at Lazer Spot, Inc., the U.S. Department of Labor cited and sanctioned the company for failing to pay overtime wages to yard drivers who worked at a terminal in Georgia.

**ANSWER:**

Defendants admit that the Department of Labor alleged that Lazer Spot violated overtime regulations.  Defendants deny that the allegations in Paragraph 45 are relevant to this case and deny any remaining allegations in Paragraph 45.

**COMPLAINT 46:**

In December 2005, during Defendant Boone's time co-owning and managing Lazer Spot, Inc., yard drivers working for the company at a terminal in Maryland sued it for violations of the FLSA based on the same claim for which Named Plaintiff has brought this action (i.e., alleged misclassification of yard drivers as exempt under the Motor Carrier Act Exemption despite the drivers not driving on public highways outside the terminals). *See Meyer v. Lazer Spot, Inc., et*

28261173.1

-14-

*al.*, Civil Action No. 1:05-cv-03407-BEL (D. Md.).

**ANSWER:**

Defendants admit that *Meyers v. Lazer Spot* involved FLSA overtime claims.  Defendants deny that the allegations in Paragraph 46 are relevant to this case and deny any remaining allegations in Paragraph 46.

**COMPLAINT 47:**

Accordingly, Defendants either knew or showed reckless disregard for whether classifying Named Plaintiff and Class Plaintiffs as being covered by the Motor Carrier Act Exemption was prohibited by the FLSA.

**ANSWER:**

Paragraph 47 contains legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 47.

**COMPLAINT 48:**

The aforementioned conduct has caused Named Plaintiff and Class Plaintiffs to suffer damages.

**ANSWER:**

Paragraph 48 contains legal conclusions that require no response.  If a response is required, Defendants deny that the individuals who Butts purports to include in this lawsuit are similarly situated, deny that collective action treatment is appropriate for this case, and deny the remaining allegations in Paragraph 48.

**COMPLAINT 49:**

The foregoing paragraphs are incorporated herein as if set forth in full.

**ANSWER:**

Defendants incorporate their answers to Paragraphs 1-48 as if set forth here.

**COMPLAINT 50:**

At all times relevant herein, Defendants are/were employers within the meaning of the FLSA.

**ANSWER:**

Paragraph 50 contains legal conclusions that require no response.  To the extent a response is required, Defendants admit that, during Butts' employment with BLS, BLS was an employer as that term is defined by the FLSA.  Defendants deny any remaining allegations in Paragraph 50.

**COMPLAINT 51:**

At all times relevant herein, Defendants are/were responsible for paying wages to Named Plaintiff and Class Plaintiffs.

**ANSWER:**

Defendants admit that, during Butts' employment with BLS, BLS was an employer as that term is defined by the FLSA and paid him wages in compliance with that law.  Defendants deny any remaining allegations in Paragraph 52.

**COMPLAINT 52:**

At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendants as "employees" within the meaning of the FLSA.

**ANSWER:**

Paragraph 52 contains legal conclusions that require no response.  To the extent a response is required, Defendants admit, during his employment with BLS, Butts was an employee of BLS as that term is defined by the FLSA. Defendants deny that the individuals who Butts purports to include in this lawsuit are similarly situated, deny that collective action treatment is appropriate for this case, and deny the remaining allegations in Paragraph 52.

28261173.1

-16-

**COMPLAINT 53:**

Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

**ANSWER:**

Paragraph 53 contains legal conclusions that require no response.  If a response is required, Defendants deny that they violated the FLSA.  Defendants deny any remaining allegations in Paragraph 53.

**COMPLAINT 54:**

Defendants' violations of the FLSA include not paying Named Plaintiff and Class Plaintiffs at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

**ANSWER:**

Paragraph 54 contains legal conclusions that require no response.  If a response is required, Defendants deny that the individuals who Butts purports to include in this lawsuit are similarly situated, deny that collective action treatment is appropriate for this case, deny that they violated the FLSA with respect to Butts or any other individuals he purports to include in this lawsuit or represent, and deny the remaining allegations in Paragraph 54.

**COMPLAINT 55:**

Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs properly under the FLSA was and is willful and was not based upon any reasonable interpretation of the law.

**ANSWER:**

Paragraph 55 contains legal conclusions that require no response.  If a response is required, Defendants deny that the individuals who Butts purports to include in this lawsuit are similarly situated, deny that collective action treatment is appropriate for this case, deny that they

28261173.1

violated the FLSA with respect to Butts or any other individuals he purports to represent or include in this lawsuit, and deny the remaining allegations in Paragraph 55.

**COMPLAINT 56:**

As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**ANSWER:**

Paragraph 56 contains legal conclusions that require no response.  If a response is required, Defendants deny that the individuals who Butts purports to include in this lawsuit are similarly situated, deny that collective action treatment is appropriate for this case, deny that they violated the FLSA with respect to Butts or any other individuals he purports to represent or include in this lawsuit, and deny the remaining allegations in Paragraph 56.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of people they purport to represent, or to whom they are purportedly similarly situated.

### SECOND DEFENSE

Plaintiffs may not maintain this case as a collective action because they are not similarly situated under 29 U.S.C. § 216(b) to the people they purport to represent.  The Complaint contains no allegations that justify a collective action or issuance of notice pursuant to § 216(b).

### THIRD DEFENSE

Plaintiffs' claims, as well as those of the purported collective they seek to represent, are

barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH DEFENSE

Plaintiffs' claims are barred on grounds that Plaintiffs were at all times relevant to this action exempt from the minimum wage and overtime provisions of the FLSA pursuant to, but not limited to, the executive and/or Motor Carrier exemptions as set forth in 29 U.S.C. § 213, specifically Sections 13(a) and 13(b)(1) of the FLSA, and applicable regulations, case authorities, and other applicable law.

### FIFTH DEFENSE

Some or all of the claims asserted in Plaintiffs' Complaint are barred by the doctrines of waiver and release.

### SIXTH DEFENSE

Defendants' acts or omissions complained of in the Complaint with respect to Plaintiffs, as well as any individuals they purport to include or represent in this lawsuit, were done in good faith, in accordance with 29 U.S.C. § 260, because Defendants had reasonable grounds for believing that their acts or omissions, if any, were not a violation of any applicable laws.

### SEVENTH DEFENSE

Defendants' acts or omissions complained of in the Complaint with respect to Plaintiffs, as well as any individuals they purport to include or represent in this lawsuit, were done in good faith, in accordance with 29 U.S.C. § 259, because they were done in good faith and in reasonable reliance on a regulation, order, ruling, approval and interpretation of the U.S. Department of Labor, or an administrative practice or enforcement policy of the U.S. Department of Labor.

### EIGHTH DEFENSE

Plaintiffs, as well as any individuals they purport to include or represent in this lawsuit,

28261173.1

are not entitled to any liquidated damages or penalties under the FLSA because, at all times

relevant and material herein, Defendants did not willfully fail to comply with the compensation

provisions of the FLSA, but rather acted in good faith and had reasonable grounds for believing

that they did not violate the compensation provisions of the FLSA.

### NINTH DEFENSE

Further, and in the alternative if necessary, Defendants state that even if Plaintiffs or any

purported collective action member they purport to include or represent in this lawsuit prevails,

Defendants are entitled to a set-off for any amounts paid to Plaintiffs that they would not have

been eligible for had they been classified as non-exempt employees.

### TENTH DEFENSE

Subject to proof through discovery, some or all of Plaintiffs' claims, as well as the claims

of the purported collective action members they purport to include or represent in this lawsuit,

are barred by the doctrines of laches, or barred in whole or in part by the doctrines of res

judicata, collateral estoppel, quasi-estoppel, or equitable estoppel.

### ELEVENTH DEFENSE

Subject to proof through discovery, some or all of Plaintiffs' claims and the claims of

those they purport to represent or otherwise include in this lawsuit are barred by the doctrine of

unclean hands.

### RESERVATION OF RIGHTS

Defendants are continuing to investigate Plaintiffs' claims and allegations.  The Court

also has not decided whether Plaintiffs' lawsuit may proceed as a collective action.  Defendants

thus reserve the right to amend their pleading, including the foregoing affirmative and other

defenses, depending on evidence discovered in the course of this litigation and depending on the

circumstances of any person who later joins this litigation as a party-plaintiff, as a collective

28261173.1

action member, or in any other capacity.  Defendants reserve their right to raise additional

defenses as may be discovered during the course of this litigation, or pursue any available

counterclaims against Plaintiffs or the putative collective action members based on facts learned

during this litigation.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in its

favor against Plaintiffs as follows:

1.  Deny Plaintiffs' request for relief;

2.  Dismiss the Complaint in its entirety on the merits;

3.  Grant to Defendants the costs and expenses of this action, including attorneys' fees;

and

4.  Award Defendants such other and further relief as the Court may deem just and

proper.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Timothy Jay Houseal*

| | |
|---|---|
| *Admitted Pro Hac Vice:* | Timothy Jay Houseal (Del. Bar ID 2880) |
| SEYFARTH SHAW LLP | Lauren M. Russell (Del. Bar ID 5366) |
| Brett C. Bartlett | Jennifer M. Kinkus (Del. Bar ID 4289) |
| Kevin Young | Rodney Square |
| Lennon B. Haas | 1000 N. King Street |
| 1075 Peachtree St. NE, Suite 2500 | Wilmington, DE 19801 |
| Atlanta, Georgia 30309-3958 | Telephone: (302) 571-6682 |
| Telephone: (404) 885-1500 | thouseal@ycst.com |
| bbartlett@seyfarth.com | lrussell@ycst.com |
| kyoung@seyfarth.com | jkinkus@ycst.com |
| lhaas@seyfarth.com | |
| | *Attorneys for Boone Logistics Services, LLC* |
| Date: June 21, 2021 | *and Mike Boone* |

28261173.1